UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELVIA PEREZ-VICTORIO, Individually and as the
Proposed Administratrix of the Estate of her father,   Docket No.
ANGEL PEREZ-RIOS,

                         Plaintiff,

                                                                 **COMPLAINT**

   -*against*-

THE CITY OF NEW YORK, and JANE/JOHN DOES 1-10,
in their official and individual capacities,   ***JURY TRIAL DEMANDED***

                       Defendants.   **ECF CASE**
------------------------------------------------------------------X

      Plaintiff, ELVIA PEREZ-VICTORIO, Individually and as the Proposed Administratrix of the Estate of her father, ANGEL PEREZ-RIOS, by and through her attorneys, THE LAW OFFICES OF LESLEY J. LANOIX, as and for their complaint against Defendants herein, respectfully state and allege, upon information and belief, as follows:

## INTRODUCTION

      1.    This is a civil action for monetary relief, including past economic loss, compensatory damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, grounded in rights secured by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and other New York State causes of action. This is brought against the CITY OF NEW YORK and JOHN/JANE DOES 1-10, in their individual and official capacities, for committing acts under color of law and depriving plaintiff of rights secured by the Constitution and laws of the United States and for acts of negligence. Plaintiff alleges that Mr. Perez-Rios' suffering and death was caused by the correction officers and medical and mental health providers on Riker's Island. The level of abuse, indifference and misconduct at the heart of

this case is stunning and unconscionable. Over the course of several weeks, Mr. Perez-Rios was subjected to mistreatment so extreme that it was the functional equivalent of torture. On January 24, 2016, Mr. Perez-Rios was found by correction officers hanging in his cell by a shoe lace. Prior to that he had been begging for stronger medication to address his mental health issues, however, his cries for help fell were ignored. He was declared brain dead on January 26, 2016. Defendants through its officers and employees, acting under the pretense and color of law, permitted, tolerated, and were deliberately indifferent to a pattern and practice of abuse and neglect at Riker's Island mental health units by Department of Corrections (hereinafter "DOC") and Department of Health and Mental Hygiene (the hereinafter "DOHMH") officers, agents, employees and/ or contracted personnel at the time of Mr. Perez-Rios' mistreatment and death. The widespread tolerance of abuse and neglect constituted municipal and corporate policy, practice, and custom, and was a proximate cause of Mr. Perez-Rios' mistreatment and death, and plaintiff's resultant damages, hereinbefore alleged.

2. The wrongful conduct of defendants had the tacit authorization of the CITY OF NEW YORK. Said use of unjustified authority deprived Mr. Perez-Rios his civil and constitutional rights. After said unlawful abuse of Mr. Perez-Rios, defendants then conspired to prevent plaintiff from obtaining information and justification for the actions taken against him to which he was entitled. Plaintiffs allege that the Defendants are liable for the violation of rights because the CITY OF NEW YORK has ignored, condoned and permitted a pattern of abuse of process of minority persons and has failed to properly investigate such incidents and discipline the correction officers involved with the result that correction officers of the CITY OF NEW YORK are encouraged to believe that they could violate the rights of persons such as the plaintiff with impunity and that the CITY OF NEW YORK has and continues to act in violation of individual rights, constituting through their actions

a policy.

3. Such acts caused the plaintiffs severe damages and injuries including but not limited to personal injuries to his body and mind, unnecessary and unwanted pain and suffering, death, violation of civil rights, permanent damage to reputation and standing in the community, loss of comfort, support, extreme mental and emotional harm and stress, impairment of earning power, and other injuries not yet fully ascertained.

### JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § § 1981, 1983, 1985 and 1988 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § § 1331 and 134(3) and (4) and the aforementioned statutory and constitutional provisions.

5. Venue herein is proper under 28 U.S.C. § 1391 (b); the cause of action arose in the Southern District of New York and upon information and belief all parties reside or maintain offices in Bronx County.

6. Plaintiff submits that they have complied with all of the requirements of General Municipal Law Section 50 et seq. Prior hereto, and within the proper time allotted by statute, Plaintiffs filed Petition to file a Late Notice of Claim in compliance with General Municipal Law Section 50 et seq. and 7 CPLR 215, as against each municipal Defendant. Defendants have failed to pay or adjust same.

### PARTIES

7. ANGEL PEREZ-RIOS was a resident of the United States and resided at Riker's Island jail in Bronx County at the time these events occurred. At the time of his death on

January 26, 2018, Mr. Perez-Rios was detained at the Anna M. Kross Center (hereinafter "AMKC") at Riker's Island.

8. During all times mentioned in this complaint, the plaintiff, ELVIA PEREZ-VICTORIO, Individually and as the Proposed Administratrix of the Estate of her father, ANGEL PEREZ-RIOS, was and still is a citizen of the United States, residing in the County of Bronx, State of New York.

9. The defendant The CITY OF NEW YORK (hereinafter "CITY") is a duly constituted municipal corporation of the State of New York and is and was the employer of the named personnel.

10. During all times herein mentioned the defendants JANE/JOHN DOES 1-10, are sued under fictitious designations because plaintiff has not been able to ascertain their names and, where relevant, shield numbers notwithstanding reasonable efforts to do so.

11. During all times mentioned in this complaint, the defendants were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, polices, customs and usages of the State of New York and/or the CITY OF NEW YORK.

12. During all times mentioned in this complaint the defendants and each of them, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the plaintiffs and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

13. Each of the defendants at all times relevant to this action had the power and the duty to restrain the other defendants and prevent them from violating the law and the rights of the plaintiff but each of the defendants failed and refused to perform that duty, failed and refused to restrain the other defendants and thereby became a party to the unnecessary subjection of harm and denial of basic rights of the plaintiff.

## FACTUAL ALLEGATIONS

14. On January 24, 2016, Angel Perez-Rios, who suffered from various mental health illnesses, including but not limited to paranoid schizophrenia, was housed in a mental health unit at the Anna M. Kross Center at Riker's Island.

15. Mr. Perez-Rios advised correction officers on staff that he was in need of stronger medication for his mental health illness. Days leading to his death on January 26, 2016, Mr. Perez-Rios made numerous requests to see his Psychiatrist for mental health treatment.

16. During that time, Mr. Perez-Rios was deliberately neglected by medical and mental health personnel, uniformed officers and captains, deputy and assistant deputy wardens, and other employees from the New York City Department of Correction (the "DOC"), the New York City Department of Health and Mental Hygiene (the "DOHMH"), and other agents and contractors of the City.

17. Mr. Perez-Rios was deprived of food, water and medication. On or about January 24, 2016, Mr. Perez-Rios was in such a state of depression and mental despair that he attempted to commit suicide.

5

18. Upon information and belief, Mr. Perez-Rios was found by DOC correction officers hanging in his cell by shoe laces. He was near death and taken to Elmhurst Hospital. He was declared brain dead on January 26, 2016.

19. Upon information and belief, The New York City Department of Corrections (hereinafter "DOC"), the New York City Board of Correction (the "BOC"), and the New York City Chief Medical Examiner (the "Medical Examiner") launched an immediate investigation into the incident.

20. It is irrefutable that the Defendant City had actual notice of the facts pertaining to the neglect, deliberate indifference, medical malpractice and death suffered by Mr. Perez-Rios while and immediately after it happened. Employees of the DOC, the DOHMH, the New York City Health and Hospitals Corporation ("HHC"), and the other City agents and contractors, perpetrated and/or witnessed all of the acts that gave rise to the claims in the proposed notice of claim. At least three City agencies - the BOC and the Medical Examiner, upon information and belief, produced reports.

21. Upon information and belief, within months of Mr. Perez-Rios' death, high ranking officials of numerous agencies had personal knowledge of the death, including the commissioner and deputy commissioners of the DOC. DOHMH deputy and assistant commissioners and medical directors.

22. Upon information and belief, the Defendant City has also been in possession of records detailing the relevant events from the moment they took place - records that include surveillance video footage and medical records.

23. Furthermore, the Defendant City's misconduct caused Mr. Perez-Rios' pain and suffering, injuries and death.

24. Mr. Perez-Rios was subjected to pain and suffering, injuries and death and was denied his constitutional rights.

25. The negligence and other wrongful acts conducted against the Mr. Perez-Rios by the Defendants herein constituted violation of law and violation of procedures, and calculated to scare, harm and damage Mr. Perez-Rios. Such actions were negligent, reckless, unreasonable and unauthorized as defendants had a duty to keep plaintiff free from harm but failed to prevent same and breached their duty and further failed to make reasonable inquiry, failed to investigate properly, failed to collect and document evidence and failed to protect plaintiff's rights.

26. As a consequence of defendants' wrongful actions, negligent behavior and violation of state and federal laws, Mr. Perez-Rios was abused, neglected, endured pain and suffering, and suffered death. The Defendants deprived Mr. Perez-Rios of rights, remedies, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983 and by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

## AS AND FOR A FIRST COUNT
## 42 U.S.C. § 1983

27. Plaintiff repeats, reiterates and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

28. By reason of the foregoing, and by confining Mr. Perez-Rios to his cell, denying him access to adequate medical and mental health care, failing to provide medical and mental health treatment, and/or exhibiting deliberate indifference to Mr. Perez-Rios' rights by not acting on information which indicated that unconstitutional acts were occurring, the Defendants deprived Mr.

Perez-Rios of rights, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983 including, but not limited to, rights guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. The Defendants acted at all relevant times hereto willfully, wantonly, maliciously, and/or with such reckless disregard of consequences as to reveal a conscious indifference to the clear risk of death or serious injury to Mr. Perez-Rios that shocks the conscious. As a direct and proximate result of these violations of Mr. Perez-Rios' constitutional rights, he suffered the damages hereinbefore alleged.

29. The Defendants knew that the pattern of abuse and neglect against mentally ill inmates described above exited at Riker's Island mental health units prior to and including the time Mr. Perez-Rios' mistreatment and death. They created or allowed the continuance of the custom under mentally ill inmates were illegally and excessively placed in solitary confinement and deprived of adequate medical care. Their failure to take measures to curb this pattern of abuse and neglect constituted acquiescence in the known unlawful behavior of their subordinates and deliberate indifference to the rights and safety of the inmates in their care and custody, including Mr. Perez-Rios. The Defendants conduct was a substantial factor in the continuation of such abuse and neglect and a proximate cause of the constitutional violations alleged in this complaint and of Mr. Perez-Rios' resultant damages, hereinbefore alleged.

30. The individual Defendants acted under the pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as DOC and/or DOHMH officers, agents, employees and/or contracted personnel. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Said Defendants acted willfully, knowingly, and with the specific intent to deprive Mr. Perez-Rios

of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

31. Defendants through its officers and employees, acting under the pretense and color of law, permitted, tolerated, and were deliberately indifferent to a pattern and practice of abuse and neglect at Riker's Island mental health units by DOC and DOHMH officers, agents, employees and/ or contracted personnel at the time of Mr. Perez-Rios' mistreatment and death. The widespread tolerance of abuse and neglect constituted municipal and corporate policy, practice, and custom, and was a proximate cause of Mr. Perez-Rios' mistreatment and death, and plaintiff's resultant damages, hereinbefore alleged.

32. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom pursing to which Mr. Perez-Rios was abused, neglected, and suffered death, the Defendants have deprived Mr. Perez-Rios rights, remedies, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983 and by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

33. As a direct and proximate result of the misconduct and abuses of authority detailed above, Plaintiff sustained damages hereinbefore alleged.

## AND AS FOR A SECOND COUNT
## 42 U.S.C. § 1985

34. Plaintiff repeats, reiterates and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

35. Defendants' accusations and allegations against Mr. Perez-Rios malicious, negligent,

reckless, intentional and wrongful and were intended to cause Mr. Perez-Rios injury and to harass him.

36. Defendants, and each of them, expressly and impliedly, agreed with each other to bring about plaintiff's pain and suffering and death, all without lawful or proper basis or justification on account of his race and color. All without consideration of plaintiff's rights and in violation of all of plaintiff's rights.

37. That the violation of the laws of the State of New York and plaintiff's civil rights were brought about and caused by the actions of defendants and that the same were a clear and intentional abuse of process causing plaintiff damages. All of these rights are secured to plaintiff by the provisions of the Constitution of the United States and by 42 U.S.C. § 1985.

38. As a direct and proximate result of the misconduct and abuses of authority detailed above, Plaintiff sustained damages hereinbefore alleged.

## AND AS FOR A THIRD COUNT
## 42 U.S.C. § 1986

39. Plaintiff repeats, reiterates and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

40. Defendants herein knew or should have known that the mistreatment of Mr. Perez-Rios violated his rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. § 1983, 1985 and 1986.

41. Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the mistreatment, yet neglected to prevent said violations from occurring,

and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur.

42. The DEFENDANTS' failure to stop these wrongful actions constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

43. Defendant CITY knew or should have known that the mistreatment of Mr. Perez-Rios was a violation of his Fourth, Fifth and Fourteenth Amendment rights, and was tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

44. Said Defendant had and continue to have the power to prevent the continued civil rights violations against Mr. Perez-Rios, yet have failed to prevent harm to him.

45. The CITY's exoneration of and refusal to discipline the individual DEFENDANTS for their misconduct against Mr. Perez-Rios is neglectful of their duty to prevent the further violation of Mr. Perez-Rios' right to compensation under 42 U.S.C. §§ 's 1983, 1985 and 1986, with such violation occurring as a result of said officers being improperly cleared of any wrongdoing, despite substantial evidence to the contrary.

46. As a result of the failure of the above stated Defendants to prevent the known civil rights violations stated above, Mr. Perez-Rios suffered extreme fear, pain and suffering, death, personal humiliation and degradation, emotional and psychological harm, and physical injury from the actions of the DEFENDANTS.

47. As a direct and proximate result of the misconduct and abuses of authority detailed above, Plaintiff sustained damages hereinbefore alleged.

## AND AS FOR A FOURTH COUNT
### Medical Malpractice

48. Plaintiff repeats, reiterates and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

49. At all times relevant in this complaint, the City undertook to provide medical and mental health care to inmates in its custody at Riker's Island, including Mr. Perez-Rios, and it was legally obligated and had a special duty to do so effectively.

50. The City had officers, agents, employees and/or contracted personnel to provide medical and mental health care to all inmates in the care and custody of the City at Riker's Island, including Mr. Perez-Rios.

51. Defendant City agreed and purported to provide medical care and services to inmates at Riker's Island, including Mr. Perez-Rios.

52. Defendant City through its officers, agents, employees and/or contracted personnel, held itself out as possessing the proper degree of learning and skill necessary to render medical care, treatment, and services in accordance with good and accepted medical practice, and that they undertook to use reasonable care and diligence in the care and treatment of Riker's Island inmates, including Mr. Perez-Rios.

53. Defendant City was negligent and careless, acted contrary to sound medical practice, and committed acts of medical malpractice against Mr. Perez-Rios.

54. Defendant City, through its officers, agents, employees and/or contracted personnel, is responsible for their negligence wrongdoing under the doctrine of *respondeat superior*.

55. Defendant City is also responsible for its officers, agents, employees and/or

contracted personnel's negligence and wrongdoing because it retained them to perform services that the City had undertaken to perform and was under a special duty and legal obligation to perform.

56. As a result of Defendant's medical malpractice, negligence, carelessness, and unskillfulness, Mr. Perez-Rios sustained the damages hereinbefore alleged.

57. A certificate of merit pursuant to Section 3012-a of the New York Civil Practice Law and Rules is annexed hereto.

### AND AS FOR A FIFTH COUNT
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff repeats, reiterates and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

59. The Defendants engaged in extreme and outrageous conduct intentionally and recklessly causing severe emotional distress to Mr. Perez-Rios.

60. In light of the Plaintiff's physical illness, said conduct was even more outrageous, callous, malicious, and dangerous to the emotional well-being of said Mr. Perez-Rios.

61. The Defendants knew that their conduct would cause severe and extreme emotional harm to Mr. Perez-Rios.

62. By reason of the foregoing, Defendants are liable to Plaintiff for the intentional infliction of emotional distress.

63. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress suffered by Mr. Perez-Rios.

64. Defendant City, through its officers, agents, employees and/or contracted personnel,

is responsible for their wrongdoing under the doctrine of *respondeat superior*.

65. Defendant City is also responsible for its officers, agents, employees and/or contracted personnel's wrongdoing because it retained them to perform services that the City had undertaken to perform and was under a special duty and legal obligation to perform.

66. As a direct and proximate result of Defendant's misconduct, Mr. Perez-Rios sustained the damages hereinbefore alleged.

## AND AS FOR A SIXTH COUNT
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff repeats, reiterates and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

68. By reason of the foregoing, Defendants are liable to Ms. Perez-Victorio, both in her capacity as the proposed administratrix and in her individual capacity, for the negligent infliction of emotional distress.

69. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress suffered by Mr. Perez-Rios.

70. Defendant City, through its officers, agents, employees and/or contracted personnel, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

71. Defendant City is also responsible for its officers, agents, employees and/or contracted personnel's wrongdoing because it retained them to perform services that the City had undertaken to perform and was under a special duty and legal obligation to perform.

72. As a direct and proximate result of Defendant's misconduct, Mr. Perez-Rios

sustained the damages hereinbefore alleged.

## AND AS FOR A SEVENTH COUNT
## NEGLIGENT HIRING/TRAINING/RETENTION OF EMPLOYMENT SERVICES

73. Plaintiff repeats, reiterates and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

74. Defendant City owed a duty of care to Mr. Perez-Rios to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to Mr. Perez-Rios or to those in a like situation would probably result from the foregoing conduct.

75. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

76. Defendant City knew or should have known through exercise of reasonable diligence that its officers, agents, employees and/or contracted personnel were potentially dangerous. Defendant city's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused Plaintiff's injuries.

77. As a direct and proximate result of Defendant's misconduct, Mr. Perez-Rios sustained the damages hereinbefore alleged.

### AND AS FOR AN EIGHTH COUNT
### WRONGFUL DEATH

78. Plaintiff repeats, reiterates and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

79. By reason of the foregoing, the statutory distributees of Mr. Perez-Rios' estate sustained pecuniary and non-economic loss resulting from the loss of love, comfort, society, attention, services, and support of Mr. Perez-Rios. Defendants are liable for the wrongful death of Mr. Perez-Rios.

80. As a consequence, Plaintiff has suffered damages in an amount to be determined at trial.

### AND AS FOR A NINTH COUNT
### NEGLIGENCE

81. Plaintiff repeats, reiterates and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

82. Defendants owed a duty of care to Mr. Perez-Rios as an inmate at Riker's Island.

83. Defendants breached that duty of care that they owed to Mr. Perez-Rios by confining him to his cell, denying him access to adequate medical and mental health care, failing to provide medical and mental health treatment, and/or otherwise neglecting his medical and mental health needs.

84. Defendants' breach of their duty of care was the proximate cause of Mr. Perez-Rios' serious and unnecessary injuries, including severe pain and suffering and death.

85. Defendant City, through its officers, agents, employees and/or contracted personnel,

is responsible for their wrongdoing under the doctrine of *respondeat superior*.

86. Defendant City is also responsible for its officers, agents, employees and/or contracted personnel's negligence because it retained them to perform services that the City had undertaken to perform and was under a special duty and legal obligation to perform.

87. As a direct and proximate result of Defendant's misconduct and abuse of authority detailed above, Mr. Perez-Rios sustained the damages hereinbefore alleged.

88. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of Mr. Perez-Rios' constitutional rights.

### AND AS FOR A TENTH COUNT
### New York State Constitution, Art. I §12

89. Plaintiff repeats, reiterates and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

90. By reason of the foregoing, by denying Mr. Perez-Rios adequate medical care, causing his severe pain and suffering and death, defendants deprived him of rights, remedies, privileges, and immunities guaranteed to every NewYorker by Article 1 § 12 of the New York State Constitution.

91. Defendants acted under pretense and color fo state law and their individual and official capacities and within the scope of the respective employments as City and/or DOC and/or DOHMH officers, agents, or employees. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive Mr. Perez-Rios of his constitutional

rights secured by Article 1 § 12 of the New York State Constitution.

92. Defendants, through their officers, agents, servants, and employees were responsible for the deprivation of Mr. Perez-Rios' state constitutional rights.

93. Defendant City, through its officers, agents, employees and/or contracted personnel, is responsible for their negligence under the doctrine of *respondeat superior*.

94. Defendant City is also responsible for its officers, agents, employees and/or contracted personnel's negligence because it retained them to perform services that the City had undertaken to perform and was under a special duty and legal obligation to perform.

95. As a direct and proximate result of Defendant's misconduct and abuse of authority detailed above, Mr. Perez-Rios sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

1) Awarding compensatory damages in an amount to be determined at trial;

2) Awarding punitive damages against the Individual Defendants in an amount to be determined at trial;

3) Awarding Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

4) Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees interest, costs, and disbursements of this action.

## *A TRIAL BY JURY IS HEREBY DEMANDED*

Dated: January 15, 2019
      Jamaica, New York

                              Respectfully submitted,

                              THE LAW OFFICES OF
                              LESLEY J. LANOIX

               By:   _____
                              LESLEY J. LANOIX (LL-8156)
                              *Attorneys for Plaintiff*
                              155 - 03 Jamaica Avenue
                              Jamaica, New York 11432
                              (718) 523 - 2700
                              E-Mail: LanoixLaw@aol.com