UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ELVIA PEREZ-VICTORIO,

                                        Plaintiff,

                -against-                            19 Civ. 421 (CM)

CITY OF NEW YORK, et al.,

                                        Defendants.

------------------------------------------------------------------x

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

McMahon, J.:

      Plaintiff Elvia Perez-Victorio filed a motion for reconsideration of this court's decision and order denying Plaintiff's motion for leave to amend her complaint. (Dkt. No. 53).[1]

      Plaintiff submits that the court erred in finding that: (i) Plaintiff failed to demonstrate good cause to extend the deadline to amend the pleadings as set by the scheduling order entered by this court (*see* Dkt. No. 22); and (ii) Plaintiff's proposed amendment adding eight intended defendants would be futile as the claims are time barred. *See* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Reconsideration ("Mot.") (Dkt. No. 57-2).

      For the foregoing reasons, that motion is denied. As per this court's rules there is no requirement that the defendant City submit a response, because the motion is deficient on its face.

---

[1] Under Rule V(E)(5) of my Individual Practices and Procedures, I review motions for reconsideration when they arrive and decide whether a response is required. In this case, the motion can be denied *sua sponte* and no responsive papers are required.

Reconsideration is appropriate where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

Plaintiff's motion fails to satisfy the standard for granting reconsideration.

Plaintiff points to no controlling authority or data that the court overlooked – indeed, nothing in Plaintiff's motion for reconsideration could reasonably be expected to alter the conclusion reached by the court in denying Plaintiff's motion to amend her complaint. Plaintiff merely repeats the same arguments she made in her motion to amend (*see* Dkt. No. 49-1) and expects that the court will somehow reach a different conclusion. But a motion for reconsideration may not be used as a vehicle for relitigating issues already decided by the court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995) ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided").

This court has already considered and rejected Plaintiff's argument that the COVID pandemic does not justify her two (plus) year failure to amend the pleadings. (*See* Dkt. No. 53). Moreover – also for the reasons explained in the court's opinion denying the motion to amend – Plaintiff has not changed this court's mind as to the fact that her proposed amendment would be futile because Plaintiff's claims are time barred as against any new "intended" defendants. (*Id.*).

This constitutes the opinion and order of the court. It is a written opinion.

The Clerk is directed to close the motion at Docket Number 56.

Dated: May 2, 2022

U.S.D.J.

BY ECF TO ALL COUNSEL